UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFFREY ABATAYO,

                Plaintiff,

-against-

AUGUSTIN TELLA ESQ; BADRUZZANA
TAPADAR, an individual; JOHN DOE, fictitious
names employees of Atty. Augustin Tella Legal
Office,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-01204 (OEM) (SJB)

**ORELIA E. MERCHANT, United States District Judge:**

*Pro se* plaintiff Jeffrey Abatayo ("Plaintiff") filed the instant action against Badruzzam Tapadar ("Tapadar"), Augustin Tella ("Tella") and a John Doe defendant ("Doe") (together, "Defendants") in the United States District Court for the Southern District of New York ("SDNY") alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. By order dated February 13, 2024, the SDNY transferred the action to this Court. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, however, the complaint is dismissed.

## BACKGROUND

Liberally construed, Plaintiff's form complaint ("Complaint" or "Compl.") appears to allege that Defendant Tapadar rents illegally converted apartment units in his house, which is where Plaintiff resides. *See* Compl. at 7, ¶¶ 1, 3. In or around July of 2023, Tella, a lawyer who works for Tapadar, and Tella's agent, Doe, "fabirate[d]" and propounded a "false document" intended to scare the plaintiff with eviction. *Id.* at 6, ¶¶ 5-8. Plaintiff also alleges he has sued

1

defendant Tapadar in three different cases in New York City Civil Court.[1] *Id*. at pg. 6, ¶ 4. Plaintiff seeks monetary damages in the sum of $1,000,000. *Id.*

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit

---

[1] Plaintiff alleges that the state court actions cover a suit for harassment where Tapadar told Plaintiff to "Kill yourself; a suit involving a holdover; and a third suit for "overcharging" and "illegal apartment. Compl. at 7, ¶ 4. A review of the New York State Unified Court System eCourts database indicates that Plaintiff initiated an action in Queens County Civil Court on April 21, 2023, against Defendant Tapadar; Defendant Augustin Tella represents Tapadar in that action. *See Abatayo v. Tapadar*, No. CV-006700-23/QU. The matter is scheduled for a bench trial on May 23, 2024. *See* https://iapps.courts.state.ny.us/webcivilLocal/LCSearch (last visited Feb. 26, 2024).

the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

Plaintiff asserts that the Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1331, which provides the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A plaintiff properly invokes § 1331 jurisdiction when they plead a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Bounds v. Pine Belt Mental Health Care Res.*,

3

593 F.3d 209, 215 (2d Cir. 2010); *Trisvan v. Kentucky Fried Chicken Corp.,* No. 20-CV-2071, 2020 WL 7404434, at *2 (E.D.N.Y. Dec. 17, 2020). A claim "may be dismissed for want of subject-matter jurisdiction [because] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh,* 546 U.S. at 513 n.10; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Plaintiff's allegations, even liberally construed, fail to state a claim arising under the Constitution or federal law. Federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction."); *Schmidt v. Am. Package Co., Inc.,* No. 23-CV-5821, 2023 WL 5952024, at *1 (E.D.N.Y. Aug. 3, 2023); *Nichols v. Epstein*, No. 22-CV-3187, 2023 WL 2305936, at *2 (E.D.N.Y. Mar. 1, 2023).

Because the Court does not have federal-question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.[2] Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019). Here, all the parties reside in Queens County, thus

---

[2] While Plaintiff does not assert diversity jurisdiction exists, given his *pro se* status and the interests of justice, the Court reviews the Complaint to ascertain if jurisdiction lies.

diversity of citizenship is lacking. Accordingly, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's Complaint, filed *in forma pauperis*, is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff, to note the mailing on the docket, and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
      February 28, 2024